IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3104-FL

| ROMALICE CYRIL MCGHEE, SR., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| DONNIE HARRISON, | ) | |
| Defendant. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's motion for entry of default (DE # 22), motion to amend his motion for entry of default (DE # 24), and "motion for assistan[ce] from inappropriate behavior" (DE # 26). The matters are ripe for adjudication.

Plaintiff requests that he be granted an entry of default against defendant, who purportedly failed to timely respond to his complaint. On November 4, 2010, this court issued an order of investigation in which it requested that North Carolina Prisoner Legal Services ("NCPLS") investigate plaintiff's claims and respond to the court within ninety (90) days and inform the court whether appointment of counsel is necessary. Defendant is allowed thirty (30) days following the response of NCPLS to answer or otherwise respond to the complaint. NCPLS filed its response to the court's order of investigation on January 31, 2011, and defendant had until March 2, 2011 to

respond to plaintiff complaint.[1] Defendant timely filed an answer on February 28, 2011, and plaintiff's motion for entry of default is accordingly DENIED.

The court next addresses plaintiff's motion for relief from alleged inappropriate behavior. In particular, plaintiff requests that any report gathered by NCPLS be dismissed. The court has not received a report from NCPLS regarding the alleged conduct underlying the claims in this action.[2] As a result, plaintiff's motion for relief from alleged inappropriate behavior is DENIED.

Plaintiff also requests a preliminary inunction. The United States Supreme Court has stated that the movant must establish the following to obtain a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346 (4th Cir. Aug. 5, 2009) (unpublished), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010). Plaintiff has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's request for injunctive relief is DENIED.

---

[1] Plaintiff argues in his motion to amend his motion for entry of default that he rejected NCPLS' services on November 12, 2010, and that defendant thereafter was allowed twenty-one (21) days after his rejection of NCPLS' services to file an answer. However, this court's order of investigation required that NCPLS file a response.

[2] The only document the court received from NCPLS was NCPLS' January 31, 2010 response to this court's order of investigation, in which it states its finding that appointment of counsel is not required in this action.

In summary, plaintiff's motion for entry of default (DE ## 22, 24) and his "motion for assistan[ce] from inappropriate behavior" (DE # 26) are DENIED.

SO ORDERED, this the 9th day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge